# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ROXANA MARIA CUELLAR,

    Plaintiff,

v.

PRINCE GEORGE'S COUNTY, MARYLAND,

    Defendant.

Civil Action No. TDC-16-2487

## MEMORANDUM OPINION

In her Amended Complaint, Plaintiff Roxana Maria Cuellar alleges seven causes of action against Defendants Prince George's County, Maryland ("the County") and Police Officer Lamm ("P.O. Lamm") of the Prince George's County Police Department stemming from her arrest and prosecution for Second Degree Assault: five common law, non-constitutional torts; a state constitutional tort claim pursuant to Article 24 of the Maryland Declaration of Rights; and a federal civil rights claim pursuant to 42 U.S.C. § 1983 ("§ 1983"). Cuellar failed timely to serve P.O. Lamm, who has accordingly been dismissed from this action. The County now seeks partial dismissal of Cuellar's claims. Specifically, the County seeks dismissal of Cuellar's § 1983 claim and her five non-constitutional tort claims. It mounts no challenge to her state constitutional tort claim. Having reviewed the Amended Complaint and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, the Motion is GRANTED and, because Cuellar's only remaining claim is a state constitutional tort, the case is REMANDED to state court.

## BACKGROUND

On May 19, 2013, Cuellar was arrested without a warrant by P.O. Lamm based on her alleged assault of Genner Guerra. Upon her arrest, Cuellar was handcuffed, searched, and taken into police custody for an unspecified period of time. Cuellar was subsequently charged with Second Degree Assault, Md. Code Ann., Crim. Law § 3-203 (West 2002), and proceeded to trial. When called to testify, Guerra stated that he had not been assaulted by Cuellar. The State's Attorney presented no other witnesses and no other evidence. On June 27, 2013, Cuellar was found not guilty.

On May 19, 2016, Cuellar filed suit against P.O. Lamm, the County, the Prince George's County Police Department ("the Department"), and 10 unnamed police officers ("Does 1-10"). She asserted eight causes of action against all Defendants: (I) malicious prosecution, (II) intentional infliction of emotional distress, (III) false arrest and false imprisonment, (IV) assault, (V) battery, (VI) gross negligence, (VII) a violation of Cuellar's state constitutional rights under Articles 24 and 47 of the Maryland Declaration of Rights, and (VIII) a violation of Cuellar's federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983. On June 6, 2016, the Complaint was served on the County and on the Department. The case was removed to this Court on July 5, 2016 on the basis of federal question jurisdiction, 28 U.S.C. § 1331 (2012).

On July 14, 2016, pursuant to this Court's Case Management Order, the County filed a Notice that it intended to move for dismissal of all of Cuellar's claims. On July 28, 2016, the Court held a Case Management Conference to discuss the County's proposed Motion. Based on that Conference, and with the mutual consent of the parties, the Court granted Cuellar leave to

amend her Complaint to cure pleading deficiencies asserted by the County, and the parties agreed that any counts in the Amended Complaint that failed to state a plausible claim for relief would be dismissed with prejudice.

On August 22, 2016, Cuellar filed an Amended Complaint, which removed the Department as a Defendant and asserted the following seven causes of action against P.O. Lamm and the County: (I) malicious prosecution, (II) intentional infliction of emotional distress, (III) false arrest and false imprisonment, (IV) battery, (V) gross negligence, (VI) a violation of Cuellar's state constitutional rights under Article 24 of the Maryland Declaration of Rights, and (VII) a violation of Cuellar's federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983.

## DISCUSSION

In its Motion, the County seeks dismissal of Counts I–V of Cuellar's Amended Complaint on the basis that, as a local government, it is immune from suit for non-constitutional torts. The County also seeks dismissal of Count VII on the basis that Cuellar fails to plead any facts that would support the inference that the County had a custom, policy, or practice that led to P.O. Lamm's alleged violation of Cuellar's federal constitutional rights.

**I.     Legal Standard**

To defeat a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.* In evaluating the sufficiency of a plaintiff's claims, the Court must examine the complaint as a whole, consider the

factual allegations in the complaint as true, and view the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must still contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

## II. Sovereign Immunity

The County asserts that it is immune from suit for the various non-constitutional torts asserted in Counts I–V. The County is correct. In Maryland, counties and municipalities, as instrumentalities of the State, are immune from suit on common law, non-constitutional torts that stem from the exercise of a governmental, rather than proprietary, function. *Bd. of Educ. of Prince George's Cty. v. Town of Riverdale*, 578 A.2d 207, 210 (Md. 1990). A function is governmental if it is "performed ... for the common good of all" rather than "for the special benefit or profit" of the local government. *Tadjer v. Montgomery Cty.*, 479 A.2d 1321, 1325 (Md. 1984). The "exercise of the police power to promote the safety, health, and welfare of the public" is a quintessential government function. *E. Eyring and Sons Co. v. City of Balt.*, 252 A.2d 824, 826 (Md. 1969); *see also Port Deposit v. Petetit*, 688 A.2d 54, 64 (Md. Ct. Spec. App. 1997) (holding that acts taken by a Chief of Police pursuant to his law enforcement authority were "clearly" an exercise of a government function). Here, Cuellar has sued the County based on her arrest and prosecution, acts that plainly fall within the scope of the police power. Because Cuellar's state common law, non-constitutional tort claims against the County arise from the County's exercise of a government function, the County is immune from suit on those claims.

In an effort to avoid dismissal, Cuellar observes that the Maryland Local Government Tort Claims Act ("LGTCA"), Md. Code Ann. Cts. & Jud. Proc. §§ 5-301–304 (West 2011), requires local governments to provide a defense to employees in tort actions arising from acts taken within the scope of employment and to indemnify, with some exceptions, employees for any tort judgments against them. *See* Md. Code Ann. Cts. & Jud. Proc. §§ 5-302(a), 5-303(b). But the LGTCA obligation to defend and indemnify does not render a local government, such as the County, itself liable in tort for the acts or omissions of its employees. "The only liabilities created by the LGTCA or expressly dealt with in the LGTCA concern tort suits against government employees." *Edwards v. Mayor and City Council of Balt.*, 933 A.2d 495, 502 (Md. Ct. Spec. App. 2007) (quoting *Hous. Auth. of Balt. City v. Bennett*, 754 A.2d 367, 376 (Md. 2000)). Thus, to the extent that Cuellar may be suggesting that the LGTCA's duty to defend and indemnify exposes the County to direct liability for her non-constitutional tort claims, she is incorrect. *See Edwards*, 933 A.2d at 502 (stating that under the LGTCA, a tort plaintiff "may not sue a local government directly but must sue, instead, the employee"). The County's Motion to Dismiss is therefore granted as to Counts I–V. Because the County is immune from suit on those non-constitutional torts, the claims are dismissed with prejudice.

## III.    42 U.S.C. § 1983

In Count VII, Cuellar asserts that her arrest and prosecution for Second Degree Assault violated her Fourth, Fifth, and Fourteenth Amendment rights. Specifically, she asserts that she was falsely arrested, that the arrest involved excessive force, and that the prosecution was malicious. The County seeks dismissal of Cuellar's § 1983 claim on the basis that she fails to plead sufficient facts to sustain it. Because there is no vicarious liability for § 1983 claims, *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004), Cuellar's § 1983 claim against the

County can proceed only if she pleads facts that allow the Court to draw the reasonable inference that the County had a custom, policy, or practice that led to Cuellar's alleged constitutional injuries, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Cuellar fails to do so.

In the Amended Complaint, Cuellar asserts that she was arrested by P.O. Lamm for Second Degree Assault and that her arrest was followed by an unsuccessful prosecution in which the only evidence introduced at trial was the testimony of her alleged victim. Beyond reporting that she was ultimately found not guilty after Guerra testified that she had not assaulted him, Cuellar offers no facts to support the inference that P.O. Lamm's force was excessive, that his decision to arrest her was erroneous, or that the decision to prosecute her was malicious. In particular, she provides no factual allegations that her allegedly unconstitutional arrest and prosecution were the result of a custom, policy, or practice of the County.

In asserting the § 1983 claim itself, Cuellar declares that "[i]t is the custom, policy, and practice of [the County] to fail to properly hire, train and supervise its police officers," and "[i]t is the custom, policy, and practice of [the County] to treat with reckless or deliberate indifference" the use of excessive force, false arrest, and malicious prosecution. Am. Compl. ¶ 43, ECF No. 21. These declarations are supplemented by the more attenuated assertions that "on information and belief, it is the custom and practice of [the County] to underinvestigate and not properly screen" cases involving domestic violence before bringing them to trial, and "on information and belief, [the County] receives frequent complaints and notices of claim" based on these alleged practices. *Id.*

Cuellar's factual allegations on the County's role in depriving her of her federal constitutional rights thus consist of the "labels and conclusions" and "formulaic recitation of the

elements of a cause of action" that the United States Supreme Court has deemed insufficient to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With one exception, Cuellar points to nothing in either her own experience or the County's handling of domestic violence cases more broadly that could serve as the factual basis for her *Monell* claim. The closest that Cuellar comes is her assertion, made upon information and belief, that there are frequent complaints and claims about the County's approach to domestic violence cases. But Cuellar offers no examples or other facts that would support a plausible claim for relief. *See Cook v. Howard*, 484 F. App'x 805, 811 (4th Cir. 2012) (affirming the district court's granting of a motion to dismiss the plaintiff's *Monell* claim where "the amended complaint parrots the language of various legal theories without stating any facts to demonstrate that type of conduct"); *Ulloa v. Prince George's Cty, Md.*, No. DKC 15-0257, 2015 WL 7878956 at *6 (D. Md. Dec. 4, 2015) (dismissing a *Monell* claim where the complaint failed to "pair general averments of a policy or custom with particular examples").

Even the facts Cuellar asserts about her own alleged mistreatment do not allow the Court "to draw the reasonable inference that the [County] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Cuellar provides no explanation of how P.O. Lamm's actions in her case, even if unconstitutional, were the product of adherence to any overarching custom, policy, or practice of the County. To allow Cuellar's *Monell* claim to proceed in the absence of factual allegations relating to such a custom or policy would conflate the County with P.O. Lamm and thus improperly expose the County to liability based on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691 (holding that municipalities can be liable under § 1983 only if "action pursuant to official municipal policy of some nature caused a constitutional tort").

Alternatively, Cuellar asks for leave to amend her Complaint. However, Cuellar has already had an opportunity to amend her *Monell* claim, which she was afforded after receiving notice from the County of its proposed arguments for dismissal. In receiving that opportunity, Cuellar agreed that her failure to state a plausible claim as to any count in her Amended Complaint would result in dismissal of that count with prejudice. Count VII will therefore be dismissed with prejudice.

## IV. Remand

With the dismissal of Count VII, Cuellar's sole federal claim, this Court no longer has original jurisdiction over this case, but may continue to hear it pursuant to supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Under such circumstances, a district court has inherent authority to remand a case to state court. *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). Here, the only remaining claim is Count VI, which alleges a violation of Cuellar's state constitutional rights under Article 24 of the Maryland Declaration of Rights. Discovery has not yet begun in federal court, and principles of federalism and comity counsel in favor of allowing the state courts to adjudicate whether Cuellar's state constitutional rights were violated. The Court accordingly chooses to exercise its inherent power to remand this case to state court.

## CONCLUSION

For the reasons set forth above, the County's Motion to Dismiss is GRANTED. Counts I–V and VII are dismissed with prejudice. The case is REMANDED to the state court for proceedings on Count VI. A separate Order shall issue.

Date: April 27, 2017

THEODORE D. CHUANG
United States District Judge